**Jianhua LI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–73371.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.\*

Decided Jan. 14, 2005.

Fed. R.App. P. 34(a)(2).

John L. Ogletree, Law Office of John L. Ogletree, Los Angeles, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Margaret Perry, Esq., Stephen J. Flynn, Deborah N. Misir, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM **

Jianhua Li, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of her application for asylum, withholding of removal and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding, *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002), and we grant the petition for review.

■ The BIA's adverse credibility determination is not supported by substantial evidence. First, Li's testimony regarding her practice of Falun Gong in the United States is not necessarily inconsistent with a letter stating that Li was a member of a Falun Gong "practice site" and that she was an experienced Falun Gong practitioner. Moreover, Li was not provided the opportunity to explain any perceived discrepancy. *See Chen v. Ashcroft*, 362 F.3d 611, 618 (9th Cir.2004).

■ Second, there is no inconsistency between the fact that Li was able to obtain

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

a passport in her own name and the State Department materials, which note that "some" Falun Gong practitioners had difficulty obtaining passports. *See Zheng v. Ashcroft,* 382 F.3d 993, 997 (9th Cir.2004). In addition, the BIA engaged in impermissible speculation that Li's name did not appear on a list of known practitioners of Falun Gong in China. *See Ge v. Ashcroft,* 367 F.3d 1121, 1125–26 (9th Cir.2004).

Third, the BIA improperly found an inconsistency between Li's testimony and an off-the-record request made by Li's attorney regarding documents reflecting Li's termination from her job in China. Even assuming an inconsistency, Li was not provided the opportunity to explain the perceived discrepancy. *See Chen,* 362 F.3d at 618.

Finally, in the absence of any other weaknesses in Li's testimony, the BIA's finding that Li lacked credibility because she did not provide any corroborating evidence is not supported by substantial evidence. *See Kaur v. Ashcroft,* 379 F.3d 876, 890 (9th Cir.2004).

Because neither the IJ nor the BIA addressed the question of whether Li's testimony, if found credible, would be sufficient to establish eligibility for her requested relief, we remand for proceedings consistent with this memorandum. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**